UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WAFA HAMDALLAH MOHAMMAD                                                          PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:07-CV-594-S

PETER D. KEISLER, Acting Attorney
General of the United States, et al.                                              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court upon motion of the defendants, the United States Citizenship and Immigration Services ("USCIS"), the Federal Bureau of Investigation ("FBI"), the United States Department of Justice, and the United States Department of Homeland Security (collectively "Defendants"), to remand this matter to USCIS (DN 11). For the reasons set forth herein, the court will grant Defendants' motion to remand.

### BACKGROUND

The plaintiff in this action, Wafa Hamdallah Mohammad ("Mohammad"), is a citizen of Palestine. She has been a lawful permanent resident of the United States since 1981. Desiring to become a United States citizen, Mohammad submitted an N-400 application for naturalization with USCIS on July 29, 2004. On July 12, 2005, Mohammad was interviewed by USCIS. Mohammad's FBI background check, however, is still pending, precluding adjudication of her naturalization application.

Mohammad initiated this action by filing a Petition for Hearing on Naturalization Application on October 27, 2007. She asserts that she is entitled to a hearing on her naturalization application pursuant to 8 U.S.C. § 1447(b) because her application has not been adjudicated within 120 days of her examination with USCIS. Mohammad requests that this court assume jurisdiction over this matter and

adjudicate her application. In the alternative, she requests that this court remand the matter to USCIS with instructions including a time limit in which USCIS must adjudicate her application.

## DISCUSSION

The naturalization process begins when an applicant files her Form N-400 application. 8 U.S.C. § 1445; 8 C.F.R. § 334.2. Before a determination can be made on a naturalization application, USCIS is required to conduct a background investigation of the applicant. The investigation includes an "examination" during which the USCIS examiner can take the testimony of the applicant. 8 U.S.C. § 1446(a), (b); 8 C.F.R. § 335.2. The investigation also includes a "full criminal background check" on each applicant. *See* Pub.L.No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448; 8 C.F.R. § 335.2. USCIS has determined that a "full criminal background check" includes: (1) a check against the Interagency Border Inspection System check, which contains records and information from twenty federal law enforcement and intelligence agencies; (2) an FBI fingerprint check, which provides information relating to criminal history within the United States; and (3) an FBI name check, which is run against FBI investigative databases compiled by several law enforcement agencies.[1]

The examination by the USCIS examiner should occur only after USCIS receives "a definitive response from the [FBI] that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2. However, sometimes, as in the present case, USCIS will conduct the examination of an

---

[1] The FBI name check is the only background check still pending. Mohammad argues that when mandating a "full criminal background check," Congress did not authorize USCIS to require an FBI name check. Mohammad relies on *Mocanu v. Mueller*, 2008 WL 372459 (E.D.Pa. Feb. 8, 2008) in support of her argument. This court does not find *Mocanu* persuasive and will instead follow those cases holding that the FBI name check is properly included as a component of the "full criminal background check." *See e.g. Wang v. Gonzales*, 2008 WL 45492 (D.Kan. Jan. 2, 2008); *Antonishin v. Keisler,* 2007 WL 2788841 (N.D.Ill. Sept. 20, 2007); *Aman v. Gonzales,* 2007 WL 2694820 (D.Colo. Sept 10, 2007); *Stepchuk v. Gonzales*, 2007 WL 185013 (W.D.Wash Jan 18, 2007); *Shalabi v. Gonzales*, 2006 WL 3032413 (E.D.Mo. Oct 23, 2006).

applicant before a full criminal background check is completed in an attempt to expedite the naturalization process.

Ultimately, the USCIS examiner is authorized to "make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d). This determination should occur within 120 days following the initial examination of the applicant. 8 C.F.R. § 335.3. However, when the examination of the applicant occurs before the background check is completed, 120 days may pass without the background check being finalized. This creates a situation where an applicant can file for review by a district court under 8 U.S.C. § 1447(b), which provides that:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8. U.S.C. § 1447(b).

Defendants concede that the majority of courts have found that 8 U.S.C. § 1447(b) provides jurisdiction under similar circumstances, and therefore do not challenge this court's subject matter jurisdiction. Defendants, nonetheless, contend that the "examination" referred to in § 1447(b) encompasses not only the interview of an applicant, but the completion of the entire investigation, including the criminal background check. Although some courts have held that § 1447(b)'s 120-day period does not begin to run until completion of the FBI criminal background check, the majority of district courts considering the jurisdictional issue have held that the initial examination interview date triggers the 120-day time period referenced in § 1447(b). *See Mostovi v. Secretary of Dept. of Homeland Security*, 2007 WL 1610209, at *2 (S.D.N.Y. June 4, 2007) (collecting cases). This court will follow

those decisions holding that the initial examination interview date triggers § 1447(b)'s 120-day time period.[2]

Defendants request that rather than adjudicating Mohammad's naturalization application, this court remand the matter to USCIS to allow it to adjudicate Mohammad's application upon completion of the full criminal background check. Generally speaking, a court "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *Immigration & Naturalization Service v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). "This principle has obvious importance in the immigration context." *Id.*; *see also Immigration & Naturalization Service v. Aguirre-Aguirre*, 526 U.S. 415, 425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (noting that "judicial deference to the Executive Branch is especially appropriate in the immigration context"). More specifically, a district court, like USCIS, is not in a position to adjudicate an application for naturalization until the FBI completes the required criminal background investigations. *See Baig v. Caterisano*, 2008 WL 631206, at *3 (E.D.Va March 7, 2008). A district court is not equipped to conduct an investigation to determine if an applicant presents any risk to national security or public safety. *El-Daour v. Chertoff*, 417 F.Supp.2d 679, 684 (E.D.Va.2005). To adjudicate Mohammad's application without the completion of her background check "would contravene Congress's intent that an FBI background check is to be completed prior to the adjudication of every naturalization application." *Essa v. United States Citizenship & Immigration Service*, 2005 WL 3440827, at *3 (D.Minn. Dec. 14, 2005). Accordingly, the court will

---

[2] Because the court finds that subject matter jurisdiction exists to consider Mohammad's claims under § 1447(b), the court need not consider whether subject matter jurisdiction exists under the Mandamus Act, 28 U.S.C. § 1361. *See Musaad v. Mueller*, 2007 WL 3046476, at *3 (S.D.Ohio Oct. 16, 2007) (finding that under a similar factual circumstance that "this matter falls squarely under the scope of 8 U.S.C. § 1447(b). Because a general grant of jurisdiction should not be used to avoid the requirements of a specific grant of jurisdiction... the Court therefore need not reach the parties arguments regarding mandamus...").

- 5 -

not adjudicate Mohammad's naturalization application. Rather, the court will remand this matter to USCIS to allow USCIS to adjudicate her application.[3]

Mohammad requests that if this matter is remanded to USCIS, the court remand with instructions including a time limit in which USCIS must adjudicate her application. Inasmuch as USCIS cannot adjudicate Mohammad's application until it receives the results of her background check, the court finds the imposition of a time limit on such adjudication inappropriate. *See Musaad v. Mueller*, 2007 WL 3046476, at *5 (S.D.Ohio Oct. 16, 2007) ("[t]he Court finds it inappropriate to issue an Order requiring the FBI to expedite the background check"). "Only the FBI and USCIS are in a position to know what resources are available to conduct the required background checks, and whether an expedited background check is feasible or efficient." *Obinagba v. Chertoff*, 2008 WL 294332, at *4 (E.D.Mo. Jan 31, 2008). Moreover, as recognized by the court in *Baig v. Caterisano,* "[a]ny artificial deadline imposed by [a court] would undermine the ability of the FBI and USCIS to fully and adequately discharge their duties." 2008 WL 631206 at *4; Accordingly, the court will remand this matter to USCIS and instruct USCIS to adjudicate Mohammad's application as expeditiously as practical once the results of the background check are received.

A separate order will be entered herein this date in accordance with this opinion.

---

[3] *See Musaad*, 2007 WL 3046476, at *4 ("[a]lmost without exception, courts have elected to remand similar questions to the USCIS").